**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

____________ District of Delaware
(State)

Case number (*If known*): ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | BFG Supply Co., LLC |
| 2. | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 35-2116660 |
| 4. | **Debtor's address** | **Principal place of business**<br>150 West Market Street<br>Number Street<br>Suite 800<br>Indianapolis IN 46204<br>City State ZIP Code<br>Marion County<br>County<br><br>**Mailing address, if different from principal place of business**<br>Number Street<br>P.O. Box<br>City State ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br>City State ZIP Code |
| 5. | **Debtor's website** (URL) | https://www.bfgsupply.com/ |

Debtor BFG Supply Co., LLC
Name
Case number (if known)____________________

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: ____________________

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

4 2 4 9

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes. District ____________ When ____________ Case number ____________
MM / DD / YYYY
District ____________ When ____________ Case number ____________
MM / DD / YYYY

Debtor BFG Supply Co., LLC
Name
Case number (if known)

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor See Schedule A Relationship
District When MM / DD / YYYY
Case number, if known

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
Number Street

City State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency

Contact name

Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.
☒ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

Debtor BFG Supply Co., LLC
Name

Case number (if known)

**15. Estimated assets**

| | | |
|---|---|---|
| ❑ $0-$50,000 | ❑ $1,000,001-$10 million | ❑ $500,000,001-$1 billion |
| ❑ $50,001-$100,000 | ❑ $10,000,001-$50 million | ❑ $1,000,000,001-$10 billion |
| ❑ $100,001-$500,000 | ❑ $50,000,001-$100 million | ❑ $10,000,000,001-$50 billion |
| ❑ $500,001-$1 million | ☒ $100,000,001-$500 million | ❑ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ❑ $0-$50,000 | ❑ $1,000,001-$10 million | ❑ $500,000,001-$1 billion |
| ❑ $50,001-$100,000 | ❑ $10,000,001-$50 million | ❑ $1,000,000,001-$10 billion |
| ❑ $100,001-$500,000 | ❑ $50,000,001-$100 million | ❑ $10,000,000,001-$50 billion |
| ❑ $500,001-$1 million | ☒ $100,000,001-$500 million | ❑ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/18/2026
MM / DD / YYYY

✘ *Adam Zalev*
Signature of authorized representative of debtor

Adam Zalev
Printed name

Title Chief Restructuring Officer

**18. Signature of attorney**

✘ *Justin R. Alberto*
Signature of attorney for debtor

Date 08/18/2026
MM / DD / YYYY

Justin R. Alberto
Printed name

Cole Schotz P.C.
Firm name

500 Delaware Avenue, Suite 600
Number Street

Wilmington
City

DE
State

19801
ZIP Code

(302) 652-3131
Contact phone

jalberto@coleschotz.com
Email address

5126
Bar number

Delaware
State

**Schedule 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

1. Bamboo Purchaser, Inc.
2. BFG Purchaser Parent, Inc.
3. BFG Supply Holdings, Inc.
4. BFG Holdings I, Inc.
5. BFG Supply Co., LLC
6. BFG Supply Canada Holdings, Inc.
7. De Cloet Greenhouse Mfg. Ltd.
8. BFG Kalamazoo, LLC
9. BFG Logistics, LLC
10. L&L Nursery Supply, Inc.
11. Gard'N-Wise Distributors, Inc.
12. International Greenhouse Contractors LLC
13. Greenhouse Solutions, LLC
14. Greenhouse Contracting Services, LLC
15. Green-Tek, LLC
16. GROSouth, Inc.
17. BFG VG Supply Acquisition, LLC

**OMNIBUS UNANIMOUS WRITTEN CONSENT**
**IN LIEU OF A SPECIAL MEETING**
**OF THE GOVERNING BODIES**

**<u>August 18, 2026</u>**

The undersigned, being the sole member, sole director, the director representing a majority of the board of directors, or the manager representing a majority of the board of managers, as applicable (each a "***Governing Body***" and collectively, the "***Governing Bodies***") of BFG Supply Investment Holdings, L.P., a Delaware limited partnership and/or each of the subsidiaries listed on **<u>Schedule 1</u>** attached hereto, hereby consent in writing to the following actions and adopt the following resolutions by unanimous written consent, in lieu of a special meeting of each Governing Body, as applicable, and in accordance with the bylaws, operating agreements, articles of association, or limited liability company agreements of each Company (collectively, the "***Governing Documents***"):

**WHEREAS**, each Governing Body has considered (a) presentations by such Company's management team (the "***Management***") and financial and legal advisors (collectively, the "***Advisors***") regarding the liabilities and liquidity of each Company, the strategic alternatives available to each Company, and the effect of the foregoing on each Company's business, (b) the information and advice previously provided to and reviewed by each Governing Body, and (c) the related matters on and prior to the date hereof;

**WHEREAS**, each Governing Body has had the opportunity to consult with Management and Advisors regarding the materials and documents presented, to obtain additional information, and to consider fully each of the strategic transactions available to the Companies;

**WHEREAS**, each Governing Body has reviewed and considered: (a) the filing of voluntary petitions for relief (collectively, the "***Bankruptcy Petitions***") for each Company under the provisions of chapter 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") pursuant to the Governing Documents, as applicable, and the applicable laws of the jurisdiction in which each Company is organized; (b) seeking recognition in Canada of the applicable chapter 11 cases and relief obtained therein by commencing a proceeding under Part IV of the CCAA ("***Recognition Proceedings***") in the Ontario Superior Court of Justice (Commercial List) (the "***Canadian Court***"); (c) entry into and performance under the DIP Facility Documents (as defined herein); and (d) the retention of professionals by each Company;

**WHEREAS,** the Companies propose to enter into that certain Superpriority Secured Debtor-in-Possession Credit Agreement by and among Bamboo Purchaser, Inc., as the Company, the other borrowers party thereto, BFG Purchaser Parent, Inc., as Holdings, the subsidiaries of the Company from time to time party thereto, as Guarantors, and ACF Finco I LP, as administrative agent and collateral agent and each Lender from time to time party thereto (the "***DIP Credit Agreement***");

**WHEREAS**, each Governing Body has determined that the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interest

of the Companies, their interest holders, their subsidiaries, their creditors, and other parties in interest; and

**WHEREAS**, after due deliberation, each Governing Body recommends the following resolutions and the actions, transactions and documentation contemplated thereby are advisable and in the best interest of the Companies, their interest holders, their subsidiaries, their creditors, and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that pursuant to the articles of incorporation and the applicable Governing Documents of the Companies, each Governing Body hereby adopts the following resolutions:

**CHAPTER 11 FILING**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company (including consideration of its creditors and other parties in interest), that each Company files or causes to be filed the Bankruptcy Petitions under the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized, hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions; and

**RESOLVED**, that any director of each Company (collectively, the "***Authorized Signatory***") be, and he hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business.

**RECOGNITION PROCEEDING**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company (including consideration of its creditors and other parties in interest), that De Cloet Greenhouse Mfg. Ltd. (the "***Canadian Debtor***") shall be authorized to serve as the proposed foreign representative of itself (and such other Company as may be necessary) (the "***Foreign Representative***") and shall be, and hereby is, authorized to file or cause to be filed an application for recognition in Canada under the CCAA of the Chapter 11 Cases of the Canadian Debtor (and the cases of such other Companies as may be necessary) and to seek such other insolvency or bankruptcy relief in Canada as may be necessary; and

**RESOLVED**, that any director of each Company (collectively, the "***Authorized Signatory***") be, and he hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business.

**USE OF CASH COLLATERAL, DEBTOR IN POSSESSION FINANCING, AND ADEQUATE PROTECTION**

**RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, creditors, and other parties in interest to obtain the benefits of: (a) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for certain of the Companies' prepetition secured lenders under certain credit facilities by and among certain of the Companies, the guarantors party thereto, and the lenders party thereto and (b) the incurrence of debtor in possession financing obligations pursuant to the DIP Credit Agreement (the "***DIP Financing***") by entering into a superpriority secured term loan credit facility (the "***DIP Facility***"), subject to the terms of the DIP Credit Agreement;

**RESOLVED**, that the Authorized Signatory is hereby authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business;

**RESOLVED**, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the DIP Agent and the DIP Lenders (as those terms are defined in the DIP Credit Agreement) (collectively, the "***DIP Obligations***") as documented in a proposed order in interim and final form (together, the "***DIP Orders***") to be submitted for approval to the Bankruptcy Court and, in the case of the Recognition Proceedings, the Canadian Debtor will seek one or more orders of the Canadian Court (individually and collectively called the "***Canadian DIP Recognition Order***") recognizing the DIP Orders and granting charges and liens against the Canadian Collateral (as defined in the DIP Credit Agreement);

**RESOLVED**, that in the business judgment of each Governing Body, the form, terms, and provisions of the each of the instruments and documents governing the DIP Facility to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, approved, confirmed and ratified, and the Authorized Signatory be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Orders and the Canadian DIP Recognition Order and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement in connection with the DIP Facility (collectively with the DIP Orders and the Canadian DIP Recognition Order, the "***DIP Facility Documents***"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the officers or directors of each Governing Body executing the same shall approve, such approval to be conclusively evidenced by such officer or director's execution and delivery thereof;

**RESOLVED**, that to the extent applicable, each Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the DIP Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents (collectively, the "***DIP Transactions***"), including guaranteeing such obligations and granting liens on its assets to secure such obligations;

**RESOLVED**, that the Authorized Signatory be, and he hereby is, authorized and directed, in the name of, and on behalf of each Company, as debtors and debtors in possession, to take such actions as in his discretion are determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Facility Documents; (b) such other instruments, certificates, notices, assignments, agent fee letters, and documents as may be reasonably requested by the applicable agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Facility Documents;

**RESOLVED**, that the Authorized Signatory is hereby authorized, directed and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Facility Documents, which shall in his sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the DIP Orders or any of the other DIP Facility Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**RESOLVED**, that the Authorized Signatory is authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization for approval to use Cash Collateral pursuant to the DIP Orders, and the Authorized Signatory hereby is authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing adequate assurance to the Prepetition Secured Lenders (as defined in the DIP Credit Agreement) in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Facility Documents and the use of Cash Collateral in connection with the chapter 11 cases, which agreements may require each Company to grant adequate protection and liens to the Prepetition Secured Lenders (as defined in the DIP Credit Agreement) and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that the Authorized Signatory is hereby authorized, empowered, and directed in the name of, and on behalf of, each Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the DIP Facility Documents or to do such other things which

shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his execution thereof;

**RETENTION OF PROFESSIONALS**

**RESOLVED**, that the Authorized Signatory is authorized and directed to employ (a) the law firm of Cole Schotz P.C., as restructuring counsel ("***Restructuring Counsel***"), (b) Reflect Advisors to provide a Chief Restructuring Officer and such additional staff as may be necessary, and to designate Adam Zalev as Chief Restructuring Officer (***CRO***"), (c) A&G Realty Partners, LLC, as real estate consultant ("***Real Estate Consultant***"), (d) SSG Advisors, LLC, as investment banker ("***Investment Banker***"), (e) Epiq Corporate Restructuring, LLC, as notice and claims agent and administrative advisor ("***Claims Agent***"), (f) SB360 Capital Partners, LLC and Tiger Capital Group, LLC, as liquidation consultant ("***Liquidation Consultant***"), and (g) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatory deems necessary, appropriate, or advisable to retain (together with Restructuring Counsel, CRO, Real Estate Consultant, Investment Banker, Claims Agent, and Liquidation Consultant, collectively, the "***Retained Professionals***") in each case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals;

**RESOLVED**, that the Authorized Signatory is authorized and directed to employ Cassels Brock & Blackwell LLP as Canadian bankruptcy counsel, to represent and assist each Company in carrying out its duties under the CCAA and the Recognition Proceedings, and to take any and all actions to advance the Foreign Representative's and the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings, and also to pay the fees and expenses of Cassels Brock & Blackwell LLP; and in connection therewith, the Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals;

**RESOLVED**, that each of the Authorized Signatory be, and hereby is, authorized and directed to pay the fees and expenses of Alix Partners Restructuring, Inc. as the proposed Canadian Court appointed Information Officer in the Recognition Proceedings, and its counsel, Osler Hoskin & Harcourt LLP, in connection with the Recognition Proceedings, and, as applicable, on such terms and conditions as the Canadian Court shall subsequently approve;

**RESOLVED**, that the Authorized Signatory is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that the Authorized Signatory deems necessary, proper, or desirable

in connection with each Company’s Chapter 11 Case, with a view to the successful prosecution of such case.

**GENERAL**

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatory, the Authorized Signatory be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, or hereby waive any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved and authorized by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Governing Body; and

**RESOLVED**, that the Authorized Signatory be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Unanimous Written Consent as of the date first set forth above.

**SOLE MEMBER OF**:
BFG Kalamazoo, LLC
BFG Logistics, LLC

BFG Supply Co., LLC

By */s/ John Berry*__________________________
Name: John Berry
Title: Chief Executive Officer, Treasurer and Secretary

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Unanimous Written Consent as of the date first set forth above.

**SOLE MEMBER OF**:
Greenhouse Solutions, LLC
Greenhouse Contracting Services, LLC

International Greenhouse Contractors, LLC

By */s/ John Berry*______________________
Name: John Berry
Title: Chief Executive Officer, Treasurer and Secretary

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Unanimous Written Consent as of the date first set forth above.

**MAJORITY DIRECTOR OR MAJORITY MANAGER OF:**
BFG Supply Co., LLC
Bamboo Purchaser, Inc.
BFG Purchaser Parent, Inc.
BFG Supply Holdings, Inc.
BFG Holdings I, Inc.
BFG Supply Canada Holdings, Inc.
L & L Nursery Supply, Inc.
Gard'N-Wise Distributors, Inc.
GROSouth, Inc.
International Greenhouse Contractors LLC
Green-Tek, LLC
BFG VG Supply Acquisition, LLC

*/s/ Patrick J. Bartels*
Patrick J. Bartels

IN WITNESS WHEREOF, the undersigned has executed this Omnibus Unanimous Written Consent as of the date first set forth above.

**SOLE DIRECTOR OF:**
De Cloet Greenhouse Mfg. Ltd.

*/s/ Patrick J. Bartels*_______________
Patrick J. Bartels

**SCHEDULE 1**

| | Company | Jurisdiction |
|---|---|---|
| 1. | Bamboo Purchaser, Inc. | Delaware |
| 2. | BFG Purchaser Parent, Inc. | Delaware |
| 3. | BFG Supply Holdings, Inc. | Delaware |
| 4. | BFG Holdings I, Inc. | Delaware |
| 5. | BFG Supply Canada Holdings, Inc. | Delaware |
| 6. | L & L Nursery Supply, Inc. | California |
| 7. | Gard'N-Wise Distributors, Inc. | Kansas |
| 8. | GROSouth, Inc. | Alabama |
| 9. | BFG Supply Co., LLC | Indiana |
| 10. | International Greenhouse Contractors LLC | Delaware |
| 11. | Green-Tek, LLC | Wisconsin |
| 12. | BFG Kalamazoo, LLC | Indiana |
| 13. | BFG VG Supply Acquisition, LLC | Delaware |
| 14. | BFG Logistics, LLC | Indiana |
| 15. | Greenhouse Solutions, LLC | Illinois |
| 16. | Greenhouse Contracting Services, LLC | Illinois |
| 17. | De Cloet Greenhouse Mfg. Ltd. | Ontario, Canada |

**Fill in this information to identify the case and this filing:**

Debtor Name BFG Supply Co., LLC

United States Bankruptcy Court for the: ________________ District of DE
(State)

Case number (*If known*): ________________

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration List of Equity Holders and Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 08/18/2026
MM / DD / YYYY

✘ *Adam Zalev*
Signature of individual signing on behalf of debtor

Adam Zalev
Printed name

Chief Restructuring Officer
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BFG Supply Co., LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-____ (___) |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| BFG Holdings I, Inc. | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BFG Supply Co., LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 26-____ (___) |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| BFG Holdings I, Inc. | 1209 Orange Street, Wilmington, Delaware 19801 | 100% |

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

Fill in this information to Identify the case:

Debtor Name: BFG Supply Co., LLC

United States Bankruptcy Court for the: District of Delaware

Case Number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | THE SCOTTS COMPANY<br>14111 SCOTTSLAWN ROAD<br>MARSVILLE, OH 43041 | CONTACT: NATE BAXTER<br>PHONE: (800) 233-5296<br>CUSTOMERSERVICE.MARYSVILLE@SCOTTS.COM | TRADE | | | | $2,953,303.21 |
| 2 | ROXUL USA INC.<br>PO BOX 734766<br>CHICAGO, IL 60673-4766 | CONTACT: JES MUNK<br>PHONE: (800) 872-2476<br>CS@ROCKWOOL.COM | TRADE | | | | $2,864,859.61 |
| 3 | HAWTHORNE HYDROPONICS LLC<br>PO BOX 200054<br>DALLAS, TX 75320-0054 | CONTACT: CHRIS HAGEDORN<br>PHONE: (888) 475-6544<br>INFO@HAWTHORNEGC.COM | TRADE | | | | $2,559,904.85 |
| 4 | SYNGENTA CROP PROTECT<br>PO BOX 772312<br>DETROIT, MI 48277-2312 | CONTACT: STEVEN HAWKINS<br>PHONE: (800) 334-9481<br>CUSTOMER_SERVICE.PROF_PRODUCTS@SYNGENTA.COM | TRADE | | | | $2,122,078.21 |
| 5 | ICL/SPECIALTY FERTILIZERS<br>DEPT 3286<br>CAROL STREAM, IL 60132-3286 | CONTACT: CLINTON STOLLARD<br>PHONE: (800) 492-8255<br>CLINT.STOLLARD@ICL-GROUP.COM | TRADE | | | | $1,534,925.17 |
| 6 | THERMA-STOR LLC<br>PO BOX 775584<br>CHICAGO, IL 60677-5584 | CONTACT: KEITH REAGAN<br>PHONE: (877) 420-1330<br>KREAGAN@QUESTCLIMATE.COM | TRADE | | | | $1,459,613.84 |
| 7 | THE HC COMPANIES INC.<br>PO BOX 932855<br>CLEVELAND, OH 44193 | CONTACT: JOCELYN LEWIS<br>PHONE: (800) 225-7712<br>JLEWIS@GROWSCAPE.COM | TRADE | | | | $1,389,760.41 |

Debtor: BFG Supply Co., LLC Case Number (if known): 26-xxxx1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | SUN GRO HORTICULTURE INC.<br>PO BOX 714837<br>CINCINNATI, OH 45271-4837 | CONTACT: LISA ALLEN<br>PHONE: (800) 732-8667<br>ACCOUNTSPAYABLE@SUNGRO.COM | TRADE | | | | $1,082,403.13 |
| 9 | C.H. ROBINSON<br>14701 CHARLSON ROAD<br>EDEN PRAIRIE, MN 55347 | CONTACT: JOSEPH NEMES<br>PHONE: (800) 539-7487<br>JOSEPH.NEMES@CHROBINSON.COM | TRADE | | | | $911,020.40 |
| 10 | SBM LIFE SCIENCE CORP.<br>PO BOX 603454<br>CHARLOTTE, NC 28260-3454 | CONTACT: ALEXANDRE SIMMLER<br>PHONE: (484) 294-5416<br>US.CUSTOMERSERVICE@SBM-COMPANY.COM | TRADE | | | | $788,305.76 |
| 11 | PREMIER TECH GROWERS & CONSUMERS INC.<br>PO BOX 673926<br>DETROIT, MI 48267-3926 | CONTACT: TONY BECKMANN<br>PHONE: (314) 781-5703<br>SERVICES.PTGC.PRO.NA@PREMIERTECH.COM | TRADE | | | | $777,871.13 |
| 12 | PALRAM AMERICAS, INC.<br>9735 COMMERCE CIRCLE<br>KUTZTOWN, PA 19530 | CONTACT: LEEOR WIESELBERG<br>PHONE: (800) 994-5626<br>SUPPORT_APP_AMERICA@PALRAM.COM | TRADE | | | | $757,394.20 |
| 13 | J.R. PETERS, INC.<br>6656 GRANT WAY<br>ALLENTOWN, PA 18106 | CONTACT: ANGEL MADTES<br>PHONE: (610) 395-7104<br>AMADTES@JRPETERS.COM | TRADE | | | | $725,301.73 |
| 14 | LIBERTY PROPERTY LIMITED PARTNERSHIP<br>1800 WAZEE STREET<br>STE 500<br>DENVER, CO 80202 | CONTACT: DAN LETTER<br>PHONE: (909) 673-8730<br>INFO@PROLOGIS.COM | TRADE | | | | $701,289.64 |
| 15 | BERRY GLOBAL, INC.<br>PO BOX 633485<br>CINCINNATI, OH 45263-3485 | CONTACT: KEVIN KWILINSKI<br>PHONE: (812) 424-2904<br>INFO@BERRYGLOBAL.COM | TRADE | | | | $693,068.23 |
| 16 | DAB PUMPS, INC.<br>PO BOX 534728<br>ATLANTA, GA 30353 | CONTACT: JOHN HURLBERT<br>PHONE: (843) 998-4301<br>JOHN.HURLBERT@DABPUMPS.COM | TRADE | | | | $679,996.24 |
| 17 | UNITED COMPOST & ORGANICS, INC. (DBA FOXFARM SOIL & FERTILIZER)<br>8601 N. SCOTTSDALE RD 309<br>SCOTTSDALE, AZ 85253 | CONTACT: WILLIAM WINER<br>PHONE: (707) 443-4369<br>ORDERS@FOXFARMFERTILIZER.COM | TRADE | | | | $670,282.33 |
| 18 | CAESARS ENTERPRISE SERVICES, LLC<br>PO BOX 96118<br>LAS VEGAS, NV 89193 | CONTACT: TOM REEG<br>PHONE: (775) 325-7413<br>CADAMSON@ELDORADORESORT.COM | TRADE | DISPUTED | | | $504,753.00 |
| 19 | LAMBERT PEAT MOSS INC<br>PO BOX 55811<br>BOSTON, MA 02205-5811 | CONTACT: GABE LAMBERT<br>PHONE: (800) 463-4083<br>LAMBERTPEATMOSS@AOL.COM | TRADE | | | | $443,889.45 |
| 20 | DRAMM<br>1425 DUFEK DRIVE<br>MANITOWOC, WI 54221 | CONTACT: MELISSA KRCMA<br>PHONE: (800) 258-0848<br>MKRCMA@DRAMM.COM | TRADE | | | | $440,590.37 |

Debtor: BFG Supply Co., LLC Case Number (if known): 26-xxxx1

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | NURSERY SUPPLIES INC.<br>PO BOX 201191<br>DALLAS, TX 75320-1191 | CONTACT: JOHN COLLINS<br>PHONE: (800) 523-8972<br>LAURAM@NURSERYSUPPLIES.COM | TRADE | | | | $440,468.83 |
| 22 | KELLY SEED COMPANY, INC.<br>420 S SHILOH ROAD<br>HARTFORD, AL 36344 | CONTACT: DEMERRIS HOLSTER<br>PHONE: (334) 588-3821<br>DEMERRIS@KELLYSEED.COM | TRADE | | | | $438,053.96 |
| 23 | ROYAL GOLD LLC<br>600 F STREET<br>ARCATA, CA 95521 | CONTACT: WILLIAM H. HEISSENBUTTEL<br>PHONE: (707) 822-4653<br>ORDERS@ROYALGOLDCOCO.COM | TRADE | | | | $418,391.54 |
| 24 | HYPLAST NV<br>527 MAHLON DR<br>CHESTER, SC 29706 | CONTACT: AMANDA JACKSON<br>PHONE: (888) 255-3757<br>AMANDA.JACKSON@RKW-GROUP.COM | TRADE | | | | $407,942.01 |
| 25 | LUMITE, INC.<br>1515 N COUNTY LINE ROAD<br>ALTO, GA 30510 | CONTACT: MARK MULKEY<br>PHONE: (866) 358-6483<br>MMULKEY@LUMITE.COM | TRADE | | | | $391,756.48 |
| 26 | CONLEYS MFG & SALES<br>4344 EAST MISSION BLVD<br>MONTCLAIR, CA 91763 | CONTACT: DAN CONLEY<br>PHONE: (909) 627-0981<br>ORDERS@CONLEYS.COM | TRADE | | | | $377,226.76 |
| 27 | COLES WILD BIRD PRODUCTS CO<br>1325 COBB INTERNATIONAL DR NW<br>KENNESAW, GA 30152 | CONTACT: ELAINE COLE<br>PHONE: (770) 426-8882<br>ORDERS@COLESWILDBIRD.COM | TRADE | | | | $336,206.09 |
| 28 | MOUNTAIN VIEW<br>8955 SUNNYVIEW RD NE<br>SALEM, OR 97305 | CONTACT: STACY KUENZI<br>PHONE: (877) 308-7333<br>STACY@MTVIEWSEEDS.COM | TRADE | | | | $335,597.41 |
| 29 | REDI-GRO CORPORATION<br>8909 ELDER CREEK RD<br>SACRAMENTO, CA 95828 | CONTACT: DENNIS CHAN<br>PHONE: (916) 381-6063<br>REDIGRORETAIL@REDI-GRO.COM | TRADE | | | | $331,838.10 |
| 30 | BASF AGRICULTURAL SOLUTIONS US LLC<br>29878 NETWORK PLACE<br>CHICAGO, IL 60673-1298 | CONTACT: HEATHER REMLEY<br>PHONE: (973) 245-6574<br>PCS_CUSTOMER_SERVICE@BASF.COM | TRADE | | | | $318,744.28 |