**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BFG Supply Co., LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-11284 (CTG)<br><br>(Jointly Administered) |

**STATEMENT OF FINANCIAL AFFAIRS FOR**

**BFG VG SUPPLY ACQUISITION, LLC, CASE NO. 26-11299 (CTG)**

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BFG Supply Co., LLC (6660); Bamboo Purchaser, Inc. (1173); BFG Purchaser Parent, Inc. (2451); BFG Supply Holdings, Inc. (4070); BFG Holdings I, Inc. (1502); BFG Supply Canada Holdings, Inc. (9737); De Cloet Greenhouse Mfg. Ltd. (N/A); BFG Kalamazoo, LLC (0121); BFG Logistics, LLC (4172); L&L Nursery Supply, Inc. (9972); Gard'N-Wise Distributors, Inc. (8418); International Greenhouse Contractors LLC (7313); Greenhouse Solutions, LLC (1860); Greenhouse Contracting Services, LLC (3738); Green-Tek, LLC (8749); GROSouth, Inc. (4231); BFG VG Supply Acquisition, LLC (0219). The Debtors' service address in these chapter 11 cases is 4660 East Paris Avenue SE, Grand Rapids, Michigan 49512.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BFG Supply Co., LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-11284 (CTG)<br><br>(Jointly Administered) |

**GLOBAL NOTES, METHODOLOGY AND SPECIFIC DISCLOSURES PERTAINING TO SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS**

On August 18, 2026 (the "Petition Date"), the debtors and debtors in possession (each a "Debtor", and collectively, the "Debtors") each filed a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code") commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases"). The Debtors, with the assistance of their advisors, have filed their respective Schedules of Assets and Liabilities ("Schedules") and Statements of Financial Affairs (the "Statements", and together with the Schedules, the "Schedules and Statements") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Pursuant to certain orders entered by the Bankruptcy Court on or about August 20, 2026 (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, taxing authorities, critical vendors and insurance-related obligations. Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders. To the extent any such liabilities have been satisfied pursuant to a First Day Order, such liabilities generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements as is necessary or appropriate.

These Global Notes, Methodology, and Specific Disclosures Pertaining to Schedules and Statements of Financial Affairs (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of each Debtor's Schedules and Statements. The Global Notes

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: BFG Supply Co., LLC (6660); Bamboo Purchaser, Inc. (1173); BFG Purchaser Parent, Inc. (2451); BFG Supply Holdings, Inc. (4070); BFG Holdings I, Inc. (1502); BFG Supply Canada Holdings, Inc. (9737); De Cloet Greenhouse Mfg. Ltd. (N/A); BFG Kalamazoo, LLC (0121); BFG Logistics, LLC (4172); L&L Nursery Supply, Inc. (9972); Gard'N-Wise Distributors, Inc. (8418); International Greenhouse Contractors LLC (7313); Greenhouse Solutions, LLC (1860); Greenhouse Contracting Services, LLC (3738); Green-Tek, LLC (8749); GROSouth, Inc. (4231); BFG VG Supply Acquisition, LLC (0219). The Debtors' service address in these chapter 11 cases is 4660 East Paris Avenue SE, Grand Rapids, Michigan 49512.

should be referred to, considered, and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled with the financial statements of each Debtor (whether publicly filed or otherwise). Additionally, the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment and reflect the Debtors' reasonable efforts to report the assets and liabilities.

Given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or any time before the Petition Date.

Although the Debtors' management has made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, subsequent information or discovery of inadvertent errors or omission may result in material changes to the Schedules and Statements. The information provided herein, except as otherwise noted, is as of the Petition Date. Subsequent receipt of information or an audit may result in material changes in financial data requiring amendment of the Schedules and Statements. Accordingly, the Schedules and Statements remain subject to further review and verification by the Debtors. The Debtors reserve the right to amend the Schedules and Statements from time to time as may be necessary or appropriate.

The Debtors and their officers, employees, agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided in the Schedules and Statements and shall not be liable for any loss or injury arising out of or caused in whole or in party by the acts, omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors and their officers, employees, agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or recategorize the information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or recategorized. The Debtors, on behalf of themselves, their officers, employees, agents, and advisors, disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

Adam Zalev, in his capacity as Chief Restructuring Officer of the Debtors, has signed each of the Schedules and Statements. In reviewing and signing the Schedules and Statements, Mr. Zalev has relied upon the efforts, statements, and representation of various personnel employed by the Debtors. Mr. Zalev has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including, for example, statements and representations concerning amounts owed to creditors.

The Global Notes are in addition to any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared Global Notes or specific notes with respect to any information in the Schedules and Statements and not to other information in

the Schedules and Statements should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Notes or specific notes to any of the Debtors' remaining Schedules and Statements, as appropriate.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

## Global Notes and Overview Methodology

1. Reservation of Rights. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omission may exist. The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, without limitation, the right to amend the Schedules and Statements with respect to any claim ("Claim") description, designation, or Debtor against which the Claim is asserted; dispute or otherwise assert offsets or defenses to any Claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any Claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any Claim. Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated." Listing a Claim does not constitute an admission of liability by the Debtor against which the Claim is listed or against any of the Debtors. Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Chapter 11 Cases, including, without limitation, issues involving Claims, substantive consolidation, defenses, equitable subordination, recharacterization, and/or causes of action arising under the provision of chapter 5 of the Bankruptcy Code, and any other relevant non-bankruptcy laws to recover assets or avoid transfers. Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

The listing in the Schedules or Statements (including, without limitation, Schedule A/B, Schedule E/F, or Statement 4) by the Debtors of any obligation between a Debtor and another Debtor or a non-Debtor foreign affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding whether such amount would be allowed as a Claim or how such obligations may be classified and/or characterized in a plan of reorganization or by the Bankruptcy Court. The Debtors reserve all rights with respect to such obligations.

2. Description of Cases and "As of" Information Date. Each Debtor filed its case on the Petition Date. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to section 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only. The asset information provided in the Schedules and Statements, except as otherwise noted, represents the asset data for the Debtors as of the Petition Date, and the liability information provided herein, except as otherwise noted, represents the liability data of the Debtors as of Petition Date. With respect to certain items on the Schedules and Statements, information is not yet available as of the Petition Date. For such items, a prior date was used, as identified herein.

3. Net Book Value of Assets. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain current market valuations for all of their assets. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of the Petition Date, in the Debtors' books and records unless a different date is identified herein. Additionally, because the book values of certain assets may materially differ from their fair market values, they may be listed as undetermined or unknown amounts as of the Petition Date. Furthermore, as applicable, assets that have been fully depreciated or were expensed for accounting purposes may not appear in the Schedules and Statements if they have no net book value.

4. Recharacterization. Notwithstanding the Debtors' reasonable efforts to properly characterize, classify, categorize, or designate certain Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may, nevertheless, have improperly characterized, classified, categorized, designated, or omitted certain items due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary or appropriate as additionally information becomes available, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

5. Excluded Assets and Liabilities. The Debtors have sought to allocate liabilities between prepetition and post-petition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. The allocation of liabilities between the prepetition and post-petition periods may change as additional information becomes available and further research is conducted. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary and appropriate.

The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including, without limitation, certain employee obligations. In addition, certain immaterial assets and liabilities may have been excluded.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain outstanding Claims on a post-petition basis. To the extent the Debtors pay any of the Claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment of such liabilities.

6. Insiders. Person or entities listed as "insiders" have been included for informational purposes only and such inclusion shall not constitute an admission that those entities are insiders for purposes of section 101(31) of the Bankruptcy Code. The Debtors do not take any position with respect to: (a) such person's influence over the control of the Debtors; (b) the management responsibilities or functions of such individual; (c) the decision-making or corporate authority of such individual; or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

7. Intercompany and Foreign Affiliate Transactions. The Debtors record certain intercompany receivables and payables among the Debtors which are reported on Schedule A/B and Schedule E/F per the Debtors' books and records. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise.

8. Executory Contracts and Unexpired Leases. Although the Debtors made diligent attempts to attribute executory contracts and unexpired leases to their rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Certain of the executory contracts listed on Schedule G may have expired or discontinued prior to the Petition Date. The listing of any executory contract on Schedule G does not amount to any legal determination that the contract is indeed executory within the meaning of section 365 of the Bankruptcy Code, and the Debtors reserve all rights to contest the classification of such contracts.

9. Classification. Listing a Claim or contract on (a) Schedule E/F part 1 as "priority," (b) Schedule E/F part 2 as "unsecured," or (c) Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the Claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such Claims or contracts or leases or to exercise their rights to setoff against such Claims.

10. Claims Description. Schedule E/F permits each Debtor to designate a Claim as "disputed," "contingent," and/or "unliquidated." Any failure to designate a Claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by that Debtor that such amount is not "disputed," "contingent," or "unliquidated," or that such Claim is not subject to objection. The Debtors reserve all of their rights to dispute, or assert offsets or defenses to, any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability or classification. Additionally, the Debtors expressly reserve all of their rights to subsequently designate such claims as "disputed," "contingent," or "unliquidated." Moreover, listing a Claim does not constitute an admission of liability by the Debtors.

11. Causes of Action. Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements, including, without limitation, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoidable transfers. The Debtors reserve all of their rights with respect to any cause of action (including avoidance actions), controversy, right of setoff, cross-claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertible directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, the "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed

a waiver of any Claims or Causes of Action or in any way prejudice or impair the assertion of such Claims or Causes of Action.

12. Summary of Significant Reporting Policies. The following is a summary of significant reporting policies:

a. Undetermined Amounts. The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

b. Totals. All totals that are included in the Schedules and Statements represent totals of known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

c. Paid Claims. The Debtors have the authority to pay certain outstanding prepetition payables pursuant to various Bankruptcy Court orders. To the extent the Debtors pay any of the liabilities listed in the Schedules pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all of their rights to amend or supplement the Schedules or take other action as is necessary and appropriate to avoid the overpayment of or duplicative payments for any such liabilities.

13. Estimates and Assumptions. To close the books and records of the Debtors as of the Petition Date and to prepare such information on a legal entity basis, the Debtors were required to make estimates, allocations, and assumptions that affect the reported amounts of assets, liabilities, revenue, and expenses as of the Petition Date. The Debtors reserve all rights, but shall not be required, to amend the reported amounts of assets, revenue, and expenses to reflect changes in those estimates and assumptions.

14. Credits and Adjustments. The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances, or other adjustments due from such creditors to the Debtors. The Debtors reserve all of their rights with regard to such credits, allowances, and other adjustments, including, without limitation, the right to assert claims objections and/or setoffs with respect to the same.

15. Setoffs. The Debtors incur certain offsets and other similar rights during the ordinary course of business. Offsets in the ordinary course can result from various items, including, without limitation, intercompany transactions, pricing discrepancies, returns, refunds, warranties, debit memos, credits, and other disputes between the Debtors and their supplies and/or customers. These offsets and other similar rights are consistent with the ordinary course of business in the Debtors' industry and are not tracked separately. Therefore, although such offsets and other similar rights may have been accounted for when certain amounts were included in the Schedules, offsets are not independently accounted for, and as such, are or may be excluded from the Schedules and Statements.

16. Reporting Date. Unless otherwise noted, the Schedules and Statements generally reflect the Debtors' books and records as of the Petition Date.

17. Currency. All amounts shown in the Schedules and Statements are in U.S. Dollars as of the Petition Date, unless otherwise indicated.

## **Specific Disclosures with Respect to the Debtors' Schedules**

18. Schedule A/B, Question 3. Additional information regarding the Debtors' cash management system is set forth in the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Continued (A) Use of Existing Cash Management System, Bank Accounts, and Business Forms and Payment of Related Prepetition Obligations and (B) Performance of Intercompany Transactions in the Ordinary Course of Business, (II) Granting a Limited Waiver of Section 345(b) Deposit and Investment Requirements, and (III) Granting Related Relief* [Docket No. 13].

19. Schedule A/B, Part 2, Questions 5–8. The amounts listed in Part 2 do not necessarily reflect values that the Debtors will be able to collect or realize. The information in Question 7 includes security deposits and letters of credit. Certain deposits may have been applied by landlords following the Petition Date. Prepaid expenses can consist of cash in advance amounts paid to certain vendors in connection with the Debtors' operations, including payments related to services, inventory, insurance, leases, and real estate.

20. Schedule A/B Part 3, Questions 10–12. The Debtors' accounts receivable information includes receivables from the Debtors' customers or third parties, which may be calculated net of any amounts that, as of the Petition Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany receivables.

21. Schedule A/B Parts 7 and 8. The Debtors used their best efforts to provide a complete list of equipment as of the Petition Date. There has been no recent, physical audit of the Debtors warehouse locations. Accordingly, the equipment listed herein represents the equipment listed in the Debtors' books and records.

22. Schedule D. Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Further, the listing of a claim as secured is not an admission as to the validity of any lien. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable lease agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Any and all such claims listed herein are under investigation, and the Debtors reserve all rights as to the validity, amount, priority, and recharacterization of such claims.

23. Schedule E/F, Part 1. The listing of a claim on Schedule E/F, Part 1 does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code.

Certain wage or wage-related obligations that the Debtors have paid pursuant to the First Day Orders may be omitted. The Debtors anticipate that all such claims for wages, salaries, expenses, benefits, and other compensation as described in the First Day Orders have been or will be satisfied in the ordinary course during these Chapter 11 Cases pursuant to the authority granted to the Debtors in the relevant First Day Orders. The Debtors reserve their right to dispute or challenge whether any claims listed on Part 1 are entitled to priority status under the Bankruptcy Code.

Certain tax-related obligations that the Debtors have paid pursuant to the First Day Orders may be omitted. The Debtors anticipate that all such claims for taxes as described in the First Day Orders have been or will be satisfied in the ordinary course during these Chapter 11 Cases pursuant to the authority granted to the Debtors in the relevant First Day Orders.

24. Schedule E/F, Part 2. The Debtors have used reasonable efforts to report all general unsecured Claims against the Debtors on Schedule E/F, Part 2 based upon the Debtors' books and records as of the Petition Date.

The Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims pursuant to the First Day Orders. To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Petition Date, adjusted for post-petition payments made under some or all of the First Day Orders. Each Debtor's Schedule E/F may reflect that Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F. Certain Debtors may pay additional claims listed on Schedule E/F during these Chapter 11 Cases pursuant to the First Day Orders and other orders of the Bankruptcy Court, and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims.

25. Schedule G. Although the Debtors have made diligent attempts to properly identify the Debtor counterparty(ies) to each executory contract on Schedule G, it is possible that more Debtor entities are a counterparty to certain executory contracts on Schedule G than listed therein. The Debtors reserve all of their rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G. In addition, although the Debtors have made diligent attempts to properly identify executory contracts and unexpired leases, the inclusion of a contract or lease on Schedule G does not constitute an admission as to the executory or unexpired nature (or non-executory or expired nature) of the contract or lease, or an admission as to the existence or validity of any Claims held by any counterparty to such contract or lease. Furthermore, while the Debtors have made diligent attempts to properly identify all executory contracts and unexpired leases, inadvertent errors, omissions, or over inclusion may have occurred.

The contracts, agreements, and leases listed on Schedule G may have been expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in

any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, nondisturbance, and attornment agreements, supplemental agreements, settlement agreements, amendments/letter agreements, tittle agreements, and confidentiality agreements. Such documents may not be set forth on Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

The Debtors reserve all of their rights, Claims, and causes of action with respect to the contracts listed on Schedule G, including the right to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's Claim.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. Schedule G may be amended at any time to add any omitted contract, agreement, or lease.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract or that such contract is an executory contract or unexpired lease. The Debtors reserve all of their rights to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

**Specific Disclosures with Respect to the Debtors' Statements**

26. Part 1, Question 1. Revenue for the current fiscal year is listed from July 1, 2026 through the Petition Date.

27. Part 2, Question 3. Statement 3 includes any disbursement or other transfer made by the respective Debtor within 90 days before the Petition Date except for those made to insiders (which payments appear in response to Question 4), employees, and bankruptcy professionals (which payments appear in Statement 11 and include any retainers paid to bankruptcy professionals). All disbursements listed on Statement 3 are made though the Debtors' cash management system. Additionally, all disbursement information reported in Statement 3 for a specific Debtor pertains to the bank accounts maintained by that Debtor.

28. Part 2, Question 4. Statement 4 accounts for a respective Debtor's transfer to insiders as applicable as of the Petition Date. With respect to individuals, the amounts listed reflect the universe of payments and transfers to such individuals including compensation, bonus (if any), expense reimbursement, relocation reimbursement, and/or severance. With respect to the business entities, the amounts listed reflect that universe of payments and transfers to such entities, including payments for advisory services, consulting services, and/or other fees.

Prior to the Petition Date, in the ordinary course of business, the Debtors engaged in certain intercompany cash transactions. Cash payments made pursuant to such intercompany transactions within one (1) year before the Petition Date are reported on Statement 4. The listing of any amounts with respect to such payments is not, and should not be construed as, an admission of the characterization of such balances as debt, equity, or otherwise. Cashless intercompany transactions are listed on the respective Debtor's Schedule A/B or E/F, as applicable.

29. Part 2, Question 5. In the ordinary course of business, the Debtors sold certain goods on consignment. Any consigned goods returned to the respective Seller prior to the Petition Date is listed herein.

30. Part 6, Question 11. Out of an abundance of caution, the Debtors have included payments to all professionals who have rendered any advice related to the Debtors' bankruptcy proceedings in Statement 11. However, it is possible that the disclosed fees also relate to other, non-bankruptcy related services, and may include services rendered to other parties.

31. Part 7, Question 14. The date of occupancy for certain of the Debtors' locations is unknown. The Debtors estimate that, for any location where the date of occupancy is unknown, the respective Debtor has occupied such location for at least ten years.

32. Part 11, Question 21. Any consignment goods in the Debtors' possession as of the Petition Date are listed herein. The disclosure of such goods is not an admission of the Debtors' rights or interests in such goods after the Petition Date. Nothing herein shall limit the Debtors' rights under Section 544 of the Bankruptcy Code.

33. Part 13, Question 25. The Debtors have used their reasonable efforts to provide a listing of other businesses in which equity interests are or were held by the Debtors.

34. Part 13, Question 27. Certain of the Debtors conduct daily cycle counts. To the extent a Debtor utilizes the daily cycle count inventory method, value listed herein represents the inventory as of the date indicated and not necessarily when an inventory was conducted.

35. Part 13, Question 30. Unless otherwise indicated in a Debtor's specific response to Statement 30, the Debtors have included a comprehensive response to Statement 30 in Statement 4. Only payments not previously disclosed in Statement 4 are listed.

| Fill in this information to identify the case: |
|---|
| Debtor name BFG VG Supply Acquisition, LLC |
| United States Bankruptcy Court for the: District of Delaware |
| Case number (If known): 26-11299 |

❑ Check if this is an amended filing

# Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy

04/25

**The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).**

## Part 1: Income

**1. Gross revenue from business**

❑ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|
| From 07/01/2026 (MM / DD / YYYY) to 08/18/2026 (MM / DD / YYYY) | ☑ Operating a business<br>❑ Other | $ 1,591,358.00 |
| From 07/01/2025 (MM / DD / YYYY) to 06/30/2026 (MM / DD / YYYY) | ☑ Operating a business<br>❑ Other | $ 28,926,219.09 |
| From 07/01/2024 (MM / DD / YYYY) to 06/30/2025 (MM / DD / YYYY) | ☑ Operating a business<br>❑ Other | $ 26,557,948.95 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties.
List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

## Part 2: List Certain Transfers Made Before Filing for Bankruptcy

**3. Certain payments or transfers to creditors within 90 days before filing this case**

List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

❑ None

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| AMERICAN DEER | 06/01/2026 | $ 27,168.30 | INVENTORY |
| PO. BOX 718 | 06/01/2026 | $ 15,982.80 | INVENTORY |
| WEST KINGSTON, RI 02892 | | | |
| **TOTAL FOR AMERICAN DEER** | | **$ 43,151.10** | |
| AMERICAN GARDENWORKS | 06/19/2026 | $ 14,602.50 | INVENTORY |
| 407 S ADEWAY | | | |
| FOWLER, IN 47944 | | | |
| **TOTAL FOR AMERICAN GARDENWORKS** | | **$ 14,602.50** | |
| ATLAS | 06/01/2026 | $ 12,090.50 | INVENTORY |
| P.O. BOX 141 | | | |
| CLEAR RAPIDS, IA 52406-0141 | | | |
| **TOTAL FOR ATLAS** | | **$ 12,090.50** | |
| BONIDE | 05/21/2026 | $ 33,436.33 | INVENTORY |
| 6301 SUTLIFF RD. | 05/22/2026 | $ 30,205.96 | INVENTORY |
| ORISKANY, NY 13424 | 06/12/2026 | $ 70,742.69 | INVENTORY |
| | 06/24/2026 | $ 69,865.72 | INVENTORY |
| **TOTAL FOR BONIDE** | | **$ 204,250.70** | |
| C. H. ROBINSON | 08/03/2026 | $ 9,820.00 | FREIGHT |
| P.O BOX 9121 | 08/05/2026 | $ 8,050.00 | FREIGHT |
| MINNEAPOLIS, MN 55480-9121 | | | |
| **TOTAL FOR C. H. ROBINSON** | | **$ 17,870.00** | |
| COLGATE | 06/01/2026 | $ 34,858.29 | INVENTORY |
| 2092 COLLECTION CENTER | | | |
| CHICAGO, IL 60693 | | | |
| **TOTAL FOR COLGATE** | | **$ 34,858.29** | |
| DALEN | 06/01/2026 | $ 24,224.05 | INVENTORY |
| 11110 GILBERT DRIVE | | | |
| KNOXBILLE, TN 37932 | | | |
| **TOTAL FOR DALEN** | | **$ 24,224.05** | |
| DAP | 06/19/2026 | $ 13,204.85 | INVENTORY |
| P.O. BOX 931021 | | | |
| CLEVLAND, OH 44193 | | | |
| **TOTAL FOR DAP** | | **$ 13,204.85** | |
| DRAMM | 05/22/2026 | $ 56,656.80 | INVENTORY |
| 1425 DUFECK DRIVE | 06/01/2026 | $ 22,649.98 | INVENTORY |
| MANITOWOC, WI 54221-1960 | | | |
| **TOTAL FOR DRAMM** | | **$ 79,306.78** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| EARTH EDGE<br>PO BOX 849<br>HICKORY, NC 28603 | 06/26/2026 | $ 14,514.31 | INVENTORY |
| | **TOTAL FOR EARTH EDGE** | **$ 14,514.31** | |
| EATON BROTHERS<br>3530 LAKEVIEW ROAD<br>HAMBURG, NY 14075 | 06/22/2026 | $ 54,354.00 | INVENTORY |
| | **TOTAL FOR EATON BROTHERS** | **$ 54,354.00** | |
| ESPOMA<br>6 ESPOMA ROAD<br>MILLVILLE, NJ 08332 | 06/01/2026 | $ 31,403.13 | INVENTORY |
| | **TOTAL FOR ESPOMA** | **$ 31,403.13** | |
| FOXFARM<br>8601 N SCOTTSDALE RD<br>SCOTTSDALE, AZ 85253 | 05/19/2026 | $ 10,713.86 | INVENTORY |
| | 06/01/2026 | $ 20,447.77 | INVENTORY |
| | 06/05/2026 | $ 41,770.31 | INVENTORY |
| | 06/11/2026 | $ 22,712.40 | INVENTORY |
| | 06/12/2026 | $ 53,019.41 | INVENTORY |
| | 06/12/2026 | $ 38,726.30 | INVENTORY |
| | 06/18/2026 | $ 10,989.00 | INVENTORY |
| | 06/18/2026 | $ 17,905.54 | INVENTORY |
| | 06/18/2026 | $ 20,193.78 | INVENTORY |
| | 06/26/2026 | $ 11,613.45 | INVENTORY |
| | 06/29/2026 | $ 19,660.22 | INVENTORY |
| | **TOTAL FOR FOXFARM** | **$ 267,752.04** | |
| GREEN GRO<br>PO BOX 603454<br>CHARLOTTE, NC 28260-3454 | 05/22/2026 | $ 13,680.00 | INVENTORY |
| | 05/27/2026 | $ 9,450.00 | INVENTORY |
| | 05/27/2026 | $ 9,450.00 | INVENTORY |
| | **TOTAL FOR GREEN GRO** | **$ 32,580.00** | |
| GTX<br>10926 QUALITY DRIVE<br>CHARLOTTE, NC 28241 | 05/21/2026 | $ 12,084.44 | INVENTORY |
| | **TOTAL FOR GTX** | **$ 12,084.44** | |
| HALPERN IMPORTS<br>2890 AMWILER ROAD<br>ATLANTA, GA 30360 | 06/18/2026 | $ 10,902.69 | INVENTORY |
| | 06/19/2026 | $ 15,222.53 | INVENTORY |
| | **TOTAL FOR HALPERN IMPORTS** | **$ 26,125.22** | |
| HERBRUCK'S<br>16109 COLLECTION CENTER DR<br>CHICAGO, IL 60693 | 06/12/2026 | $ 21,315.96 | INVENTORY |
| | **TOTAL FOR HERBRUCK'S** | **$ 21,315.96** | |
| HERBRUCK'S POULTRY<br>16109 COLLECTION CENTER DR<br>CHICAGO, IL 60693 | 06/12/2026 | $ 14,210.64 | INVENTORY |
| | **TOTAL FOR HERBRUCK'S POULTRY** | **$ 14,210.64** | |
| LAWN & GARDEN<br>P.O. BOX 35000<br>FRESNO, CA 93745-5000 | 06/01/2026 | $ 15,333.50 | INVENTORY |
| | **TOTAL FOR LAWN & GARDEN** | **$ 15,333.50** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| LBC<br>930 W 175TH ST<br>HOMEWOOD, IL 60430-4604 | 06/01/2026<br>07/27/2026<br>08/03/2026 | $ 89,020.00<br>$ 89,020.00<br>$ 89,020.00 | RENT FOR MUNSTER WAREHOUSE<br>WAREHOUSE RENT<br>WAREHOUSE RENT |
| | **TOTAL FOR LBC** | **$ 267,060.00** | |
| LUSTER LEAF<br>1961 DILLARD CT<br>WOODSTOCK, IL 60098 | 06/01/2026<br>06/29/2026 | $ 21,636.30<br>$ 14,981.56 | INVENTORY<br>INVENTORY |
| | **TOTAL FOR LUSTER LEAF** | **$ 36,617.86** | |
| METRO LIFT<br>40 E. BELMONT DR<br>ROMEOVILLE, IL 60446 | 05/22/2026<br>06/04/2026 | $ 10,296.05<br>$ 11,531.38 | WAREHOUSE EQUIPMENT<br>WAREHOUSE EQUIPMENT |
| | **TOTAL FOR METRO LIFT** | **$ 21,827.43** | |
| MILWAUKEE MET<br>P.O. BOX 7847<br>MILWAUKEE, WI 53278-0847 | 05/22/2026<br>05/22/2026<br>06/12/2026<br>06/18/2026<br>06/18/2026<br>06/19/2026<br>06/29/2026 | $ 20,264.94<br>$ 20,264.94<br>$ 20,264.94<br>$ 33,794.50<br>$ 13,509.96<br>$ 27,029.91<br>$ 20,274.93 | INVENTORY<br>INVENTORY<br>INVENTORY<br>INVENTORY<br>INVENTORY<br>INVENTORY<br>INVENTORY |
| | **TOTAL FOR MILWAUKEE MET** | **$ 155,404.12** | |
| MKB<br>PO BOX 71367<br>CHICAGO, IL 60641-0367 | 06/29/2026 | $ 9,058.48 | INVENTORY |
| | **TOTAL FOR MKB** | **$ 9,058.48** | |
| MOUTAIN VIEW<br>PO BOX 13009<br>SALEM, OR 97306 | 06/12/2026<br>06/18/2026 | $ 39,690.45<br>$ 34,389.41 | INVENTORY<br>INVENTORY |
| | **TOTAL FOR MOUTAIN VIEW** | **$ 74,079.86** | |
| PF HARRIS<br>38617 EAGLE WAY<br>CHICAGO, IL 60678-1386 | 06/11/2026<br>06/19/2026 | $ 45,993.39<br>$ 31,734.83 | INVENTORY<br>INVENTORY |
| | **TOTAL FOR PF HARRIS** | **$ 77,728.22** | |
| PIC<br>136 CENTRAL AVE.<br>3RD FLOR<br>CLARK, NJ 07066 | 06/18/2026<br>06/26/2026 | $ 28,130.96<br>$ 15,423.21 | INVENTORY<br>INVENTORY |
| | **TOTAL FOR PIC** | **$ 43,554.17** | |
| ROOF BASKET<br>1514PISGAH CHURCH ROAD<br>LEXINGTON, SC 29072 | 06/18/2026 | $ 19,128.96 | INVENTORY |
| | **TOTAL FOR ROOF BASKET** | **$ 19,128.96** | |
| SARASTOA GREEN<br>5824 BEE RIDGE RD 178<br>SARASPTA, FL 34233-5065 | 05/27/2026 | $ 22,066.88 | INVENTORY |
| | **TOTAL FOR SARASTOA GREEN** | **$ 22,066.88** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| SBM | 05/22/2026 | $ 20,081.62 | INVENTORY |
| PO BOX 603454 | 05/22/2026 | $ 94,553.29 | INVENTORY |
| CHARLOTTE, NC 28260-3454 | 05/22/2026 | $ 30,098.38 | INVENTORY |
| | 05/27/2026 | $ 23,147.75 | INVENTORY |
| | 05/27/2026 | $ 17,348.31 | INVENTORY |
| | 06/01/2026 | $ 40,376.64 | INVENTORY |
| | 06/05/2026 | $ 12,115.04 | INVENTORY |
| | 06/12/2026 | $ 22,278.50 | INVENTORY |
| | 06/12/2026 | $ 12,594.71 | INVENTORY |
| | 06/12/2026 | $ 56,295.65 | INVENTORY |
| | 06/24/2026 | $ 312,161.45 | INVENTORY |
| | 06/26/2026 | $ 15,315.94 | INVENTORY |
| | **TOTAL FOR SBM** | **$ 656,367.28** | |
| SCOTTS | 06/01/2026 | $ 302,286.72 | INVENTORY |
| 14111 SCOTTSLAWN ROAD | 06/09/2026 | $ 820,903.68 | INVENTORY |
| MARSVILLE, OH 43041 | 06/09/2026 | $ 585,115.08 | INVENTORY |
| | 06/09/2026 | $ 807,203.22 | INVENTORY |
| | 06/09/2026 | $ 632,271.00 | INVENTORY |
| | 06/09/2026 | $ 133,504.50 | INVENTORY |
| | 06/09/2026 | $ 406,625.42 | INVENTORY |
| | 06/09/2026 | $ 214,787.57 | INVENTORY |
| | 06/09/2026 | $ 197,452.60 | INVENTORY |
| | 06/09/2026 | $ 265,523.70 | INVENTORY |
| | 06/09/2026 | $ 10,296.25 | INVENTORY |
| | 06/09/2026 | $ 47,320.32 | INVENTORY |
| | 06/12/2026 | $ 43,029.37 | INVENTORY |
| | 06/18/2026 | $ 119,790.84 | INVENTORY |
| | 06/18/2026 | $ 56,141.85 | INVENTORY |
| | 06/18/2026 | $ 139,528.80 | INVENTORY |
| | 06/22/2026 | $ 151,314.48 | INVENTORY |
| | 06/26/2026 | $ 119,863.20 | INVENTORY |
| | 06/26/2026 | $ 197,940.12 | INVENTORY |
| | 06/29/2026 | $ 131,825.08 | INVENTORY |
| | **TOTAL FOR SCOTTS** | **$ 5,382,723.80** | |
| SPINFINITY DESINGS | 06/26/2026 | $ 32,690.75 | INVENTORY |
| PO BOX 232 | | | |
| DRIGGS, ID 83422 | | | |
| | **TOTAL FOR SPINFINITY DESINGS** | **$ 32,690.75** | |
| ST GABRIEL | 05/22/2026 | $ 27,278.69 | INVENTORY |
| 14044 LITCHFIELD DR | | | |
| ORANGE, VA 22960 | | | |
| | **TOTAL FOR ST GABRIEL** | **$ 27,278.69** | |
| THE HULL FARM | 06/12/2026 | $ 8,580.00 | INVENTORY |
| 3739 S. LAKESSORE DRIVE | | | |
| LAKE GENEVA, WI 63147 | | | |
| | **TOTAL FOR THE HULL FARM** | **$ 8,580.00** | |
| TOP SHELF | 05/27/2026 | $ 15,526.00 | MERCHANDISING |
| 9810 KEDVALE AVE | 06/10/2026 | $ 17,005.75 | MERCHANDISING |
| SKOKIE, IL 60076 | 06/24/2026 | $ 14,820.13 | MERCHANDISING |
| | 07/08/2026 | $ 13,996.62 | MERCHANDISING |
| | 07/24/2026 | $ 14,037.86 | MERCHANDISING |
| | 08/05/2026 | $ 8,704.78 | MERCHANDISING |
| | **TOTAL FOR TOP SHELF** | **$ 84,091.14** | |

| Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|
| TRUE ORGANIC<br>PO BOX 45912<br>SAN FARANCISCO, CA 94145-0912 | 06/19/2026 | $ 11,436.72 | INVENTORY |
| **TOTAL FOR TRUE ORGANIC** | | **$ 11,436.72** | |
| TRUE ORGANTIC<br>PO. BOX 45912<br>SAN FARANCISCO, CA 94145-0912 | 06/01/2026 | $ 69,805.57 | INVENTORY |
| | 06/29/2026 | $ 13,766.40 | INVENTORY |
| **TOTAL FOR TRUE ORGANTIC** | | **$ 83,571.97** | |
| UNITED INDUSTRIES<br>P.O. BOX 40<br>ATLANTA, GA 30384-4456 | 05/27/2026 | $ 78,346.72 | INVENTORY |
| | 06/12/2026 | $ 83,841.19 | INVENTORY |
| | 06/18/2026 | $ 51,970.50 | INVENTORY |
| | 06/18/2026 | $ 43,208.11 | INVENTORY |
| | 06/18/2026 | $ 30,846.50 | INVENTORY |
| | 06/18/2026 | $ 12,374.57 | INVENTORY |
| | 06/23/2026 | $ 314,457.27 | INVENTORY |
| | 06/26/2026 | $ 85,977.00 | INVENTORY |
| | 07/01/2026 | $ 162,015.96 | INVENTORY |
| | 07/01/2026 | $ 178,178.59 | INVENTORY |
| | 07/02/2026 | $ 113,347.05 | INVENTORY |
| **TOTAL FOR UNITED INDUSTRIES** | | **$ 1,154,563.46** | |
| VPG<br>230 FM 87<br>BONHAM, TX 75418 | 06/22/2026 | $ 92,968.25 | INVENTORY |
| **TOTAL FOR VPG** | | **$ 92,968.25** | |
| **GRAND TOTAL:** | | **$ 9,194,030.05** | |

**4. Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $8,575. (This amount may be adjusted on 4/01/28 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

☑ None

**5. Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

**6. Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

## Part 3: Legal Actions or Assignments

**7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

## Part 4: Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

## Part 5: Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

**13. Transfers not already listed on this statement**

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

## Part 7: Previous Locations

**14. Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

## Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

## Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.

NAME, E-MAIL ADDRESS, MAILING ADDRESS, PHONE NUMBER AND CREDIT CARD INFORMATION

Does the debtor have a privacy policy about that information?

☑ No ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

☑ Yes. Does the debtor serve as plan administrator?

☐ No. Go to Part 10.

☑ Yes. Fill in below:

| Name of plan | Employer identification number of the plan | Has the plan been terminated? |
|---|---|---|
| BURTON FLOWER & GARDEN, INC. 401(K) PROFIT SHARING PLAN | EIN: 3 5 - 2 1 1 6 6 6 0 | ☑ No<br>☐ Yes |

## Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?

Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case.

Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns.

Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

## Part 12:

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).
- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.
- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?**

Include settlements and orders.

☑ No

☐ Yes. Provide details below.

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No

☐ Yes. Provide details below.

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

## Part 13: Details About the Debtor's Business or Connections to Any Business

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

**26. Books, records, and financial statements**

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| | From<br>To | |
| ADAM ZALEV (CRO)<br>ADDRESS REDACTED | From<br>To | 07/22/2026<br>PRESENT |
| BILL ELKIN (CFO)<br>ADDRESS REDACTED | From<br>To | 09/30/2024<br>11/07/2025 |
| BILL HUFGARD (CONTROLLER)<br>ADDRESS REDACTED | From<br>To | 02/10/2014<br>07/05/2026 |
| JOHN COILL (INTERIM CFO)<br>1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | From<br>To | 08/19/2026<br>PRESENT |
| JOHN COILL (INTERIM CFO)<br>4660 EAST PARIS AVENUE SE<br>GRAND RAPIDS, MI 49512 | From<br>To | 11/08/2025<br>02/28/2026 |
| MARK HEDSTROM (CFO)<br>ADDRESS REDACTED | From<br>To | 08/31/2020<br>09/29/2024 |
| MELANIE KERNS (CONTROLLER)<br>1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | From<br>To | 07/06/2026<br>PRESENT |
| SEAN FAGIN (CFO)<br>ADDRESS REDACTED | From<br>To | 03/01/2026<br>08/18/2026 |
| STEVE DIBBLE (CONTROLLER)<br>1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | From<br>To | 01/18/2018<br>PRESENT |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service | |
|---|---|---|
| CROWE LLP<br>PO BOX 71570<br>CHICAGO, IL 60694-1570 | From<br>To | 02/22/2021<br>PRESENT |
| GRANT THORNTON ADVISORS LLC<br>171 N CLARK ST, STE 200<br>CHICAGO, IL 60601 | From<br>To | 08/18/2023<br>PRESENT |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| ADAM ZALEV (CRO)<br>1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | |
| JOHN COILL (INTERIM CFO)<br>1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | |
| MELANIE KERNS (CONTROLLER)<br>1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | |
| STEVE DIBBLE (CONTROLLER)<br>1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| ACF FINCO I LP<br>560 WHITE PLAINS RD, STE 400<br>TARRYTOWN, NY 10591 |
| ALLIANZ<br>225 W. WASHINGTON ST<br>STE 1800<br>CHICAGO, IL 60606 |
| ALLIED WORLD<br>199 WATER STREET, 24TH FLOOR<br>NEW YORK, NY 10038 |

| Name and address |
|---|
| ARES CAPITAL CORPORATION<br>245 PARK AVE, 44TH FL<br>NEW YORK, NY 10167 |
| ATRADIUS<br>211 SCHILLING CIRCLE, SUITE 200<br>HUNT VALLEY, MD 21031-8643 |
| BONIDE<br>6301 SUTLIFF RD.<br>ORISKANY, NY 13424 |
| BYLINE FINANCIAL GROUP<br>2801 LAKESIDE DR, STE 212<br>BANNOCKBURN, IL 60015 |
| CH ROBINSON<br>PO BOX 9121<br>MINNEAPOLIS, MN 55480-9121 |
| CHUBB<br>1133 AVE OF THE AMERICAS 32 FL<br>NEW YORK, NY 10036 |
| COFACE<br>600 COLLEGE RD EAST, SUITE 1110<br>PRINCETON, NJ 08540 |
| CONFIDENTIAL M&A PARTIES<br>NAMES AND ADDRESSES ON FILE |
| CROWN CREDIT<br>PO BOX 640352<br>CINCINNATI, OH 45264-0352 |
| DLL GROUP<br>1111 OLD EAGLE SCHOOL ROAD<br>WAYNE, PA 19087 |
| ENVU<br>5000 CENTREGREEN WAY, STE 400<br>CARY, NC 27513 |
| ESPOMA<br>ATTN: JOHN HARRISON<br>MILLVILLE, NJ 08332 |
| EVOLUTION CREDIT PARTNERS<br>565 5TH AVENUE, 5TH FLOOR<br>NEW YORK, NY 10017 |
| FIFTH THIRD TECHNOLOGY FINANCE<br>6111 N. RIVER ROAD<br>ROSEMONT, IL 60018 |
| JONATHAN GREEN<br>2605 CAMDEN GLEN COURT<br>ROSWELL, GA 30076 |

| Name and address |
|---|
| LOCKTON (INSURANCE BROKER)<br>444 W 47TH ST, SUITE 900<br>KANSAS CITY, MO 64112 |
| NOVELTY MANUFACTURING<br>1330 LOOP ROAD<br>LANCASTER, PA 17601 |
| ORBIT IRRIGATION<br>P.O. BOX 328<br>BOUNTIFUL, UT 84011-0328 |
| PAMPLONA CAPITAL MANAGEMENT<br>667 MADISON AVE<br>NEW YORK, NY 10065 |
| PORTER CAPITAL<br>FOR ACCT: PACE RUNNERS INC<br>PO BOX 440242<br>NASHVILLE, TN 37244 |
| PREMIER<br>1006 SAWMILL RD<br>SOPERTON, GA 30457-4758 |
| SUNGRO<br>ATTN: LISA ALLEN<br>770 SILVER ST<br>AGAWAM, MA 01001-2907 |
| T.O. PLASTICS<br>SDS 12-2035<br>P.O. BOX 86<br>MINNEAPOLIS, MN 55486 |
| UNITED INDUSTRIES (SPECTRUM)<br>PO BOX 223085<br>PITTSBURGH, PA 15251-2085 |

**27. Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

❑ No

☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| STEVE DIBBLE & ADRIAN CHO | 11/04/2025 | $ 4,565,160.00<br>Basis: COST |
| **Name and address of the person who has possession of inventory records**<br>STEVE DIBBLE & ADRIAN CHO<br>1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | | |

**28. List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

❑ None

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| ADAM ZALEV | 1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | CHIEF RESTRUCTURING OFFICER | |
| ADRIAN J. CHO | 1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | GENERAL MANAGER | |
| BFG SUPPLY CO., LLC | 4660 EAST PARIS AVENUE SE<br>GRAND RAPIDS, MI 49512 | SOLE MEMBER | 100% |
| PATRICK J. BARTELS | 1400 RENAISSANCE DR. SUITE #309<br>PARK RIDGE, IL 60068 | MAJORITY DIRECTOR OR MAJORITY MANAGER | |

**29. Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

❑ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| BILL ELKIN | ADDRESS ON FILE | CFO | From 09/30/2024<br>To 11/07/2025 |
| JOHN BERRY | ADDRESS ON FILE | DIRECTOR, CEO, TREASURER & SECRETARY | From 08/01/2025<br>To 08/17/2026 |
| SEAN FAGIN | ADDRESS ON FILE | CFO, ASST. TREASURER & ASST. SECRETARY | From 03/01/2026<br>To 08/18/2026 |

**30. Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No

☐ Yes. Identify below.

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| BFG HOLDINGS I, INC. | 27-3431502 |
| BFG SUPPLY HOLDINGS, INC. | 84-4254070 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

## Part 14: Signature and Declaration

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this Statement of Financial Affairs and any attachments and have a reasonable belief that the information is true and correct.

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on 10/01/2026

✘ /s/ ADAM ZALEV
Signature of individual signing on behalf of the debtor

Printed name ADAM ZALEV

Position or relationship to debtor CHIEF RESTRUCTURING OFFICER

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy (Official Form 207)* attached?**

☑ No

☐ Yes